

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-94,538-01

In re STATE OF TEXAS ex rel. RANDALL SIMS, Relator

ON MOTION FOR LEAVE TO FILE A PETITION FOR WRIT OF MANDAMUS
IN CAUSE NO. 39532-D IN THE 320TH JUDICIAL DISTRICT COURT
POTTER COUNTY

*Per curiam*. SLAUGHTER, J., concurred. YEARY, J., filed a dissenting opinion.
NEWELL, J., filed a dissenting opinion.

## O P I N I O N

We have before us the State's Motion for Leave to File Petition for Writ of

Mandamus and the accompanying Petition with exhibits.[1]

In April 1999, a jury found Balentine guilty of the offense of capital murder. The

jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure

---

[1] Relator – the State; Respondent – the Honorable Steven Denny, judge of the 320th
Judicial District Court of Potter County; Real Party in Interest and defendant below – John Lezell
Balentine. For readability, we refer to the parties as "the State," "the trial court," and
"Balentine."

Article 37.071, and the trial court, accordingly, set Balentine's punishment at death.[2]

This Court affirmed Balentine's conviction and sentence on direct appeal. *Balentine v. State*, 71 S.W.3d 763 (Tex. Crim. App. 2002). This Court denied relief on Balentine's initial post-conviction application for a writ of habeas corpus, dismissed his first and second subsequent applications, and denied a request to reconsider his initial application. *Ex parte Balentine*, No. WR-54,071-01 (Tex. Crim. App. Dec. 4, 2002) (not designated for publication); *Ex parte Balentine*, Nos. WR-54,071-01 and WR-54,071-02 (Tex. Crim. App. Sept. 22, 2009) (not designated for publication); *Ex parte Balentine*, No. WR-54,071-03 (Tex. Crim. App. June 14, 2011) (not designated for publication).

On September 1, 2022, the trial court set Balentine's execution for February 8, 2023. On January 19, 2023, just weeks before the scheduled execution, Balentine filed in the trial court a motion to recall the order setting the execution date and the warrant of execution.

In Balentine's motion to recall the order and warrant, Balentine asserted that:

(1)     The warrant violated Article 43.15 because (a) it was not sent to Balentine's counsel or the Office of Capital and Forensic Writs *at the time it issued* (emphasis added); and (b) when it was sent, it was sent by someone else and not the clerk as required. And,

(2)     The warrant violated Article 43.16 because (a) the sheriff did not immediately deliver it to the Texas Department of Criminal Justice; and (b) the sheriff did not timely return the receipt to the clerk.

---

[2]  Unless otherwise indicated, all references to Articles in this order refer to the Code of Criminal Procedure.

Presumably based upon Balentine's arguments, the trial court recalled the order and warrant, finding that, "Defendant's last known counsel was not properly notified of the warrant of execution and execution date 'Not later than the second business day. . .' by the District Clerk '. . . by first-class mail, e-mail, or fax. . .' *as required by Article 43.15 of the Texas Code of Criminal Procedure*." (Emphasis added.) The court continued that, in "accordance" with the finding "and in compliance with . . . Article 43.141(b-2) this Court directs the State to reset the execution date as soon as practical with proper notice[.]" In light of the ruling, the court found it unnecessary to determine whether the sheriff complied with Article 43.16.

This ruling conflates the requirements of Articles 43.141 and 43.15, and misstates the law. As such, it fails to provide a valid reason to recall the execution order and warrant. Accordingly, we grant mandamus relief and reinstate the execution order and warrant.

Delivered:      February 8, 2023
Do Not Publish